NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL GONZALEZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1885

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-8244, Judge Joseph L. Falvey, Jr.

---

Decided: August 12, 2022

---

DANIEL GONZALEZ, San Antonio, TX, pro se.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., LOREN MISHA PREHEIM; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

GONZALEZ v. MCDONOUGH

2

———————————

Before NEWMAN, REYNA, and CUNNINGHAM, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

The United States Court of Appeals for Veterans Claims ("Veterans Court") affirmed the decision of the Board of Veterans' Appeals ("the Board"), denying Vietnam veteran Daniel Gonzalez's claim for service connection for ischemic heart disease (IHD). On finding that Mr. Gonzalez did not have IHD or any other ailment listed in the regulation governing presumptive service connection, the Board and the Veterans Court denied Mr. Gonzalez's petition for veterans benefits. Their rulings are in accordance with law, and are affirmed.

## STATUTES AND REGULATIONS

38 U.S.C. § 1110 provides that a veteran shall be compensated "[f]or disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty."

38 C.F.R. § 3.303(c) states that "congenital and developmental defects, refractive error of the eye, personality disorders and mental deficiency as such are not diseases or injuries within the meaning of applicable legislation." *See Morris v. Shinseki*, 678 F.3d 1346, 1353 (Fed. Cir. 2012).

38 U.S.C. § 1116 establishes a presumption of service connection for certain ailments associated with exposure to toxic materials such as Agent Orange, as follows:

38 U.S.C. § 1116 – *Presumptions of service connection for diseases associated with exposure to certain herbicide agents; presumption of exposure for veterans who served in the Republic of Vietnam.*

**(a)(1)** . . .

**(A)** a disease specified in paragraph (2) of this subsection becoming manifest as specified in that paragraph in a veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975; and

**(B)** each additional disease (if any) that (i) the Secretary determines in regulations prescribed under this section warrants a presumption of service-connection . . .

[the specified disease] shall be considered to have been incurred in or aggravated by such service, notwithstanding that there is no record of evidence of such disease during the period of such service.

In addition to the diseases listed in U.S.C. § 1116(a)(2), VA regulation 38 C.F.R. § 3.309 specifies other diseases that are presumed to be service connected due to exposure to toxic agents such as Agent Orange, which the United States used for tactical purposes in Vietnam. 38 CFR § 3.309(e) specifically lists IHD as a "[d]isease associated with exposure to certain herbicide agents." Relevant to this appeal, a Chiari network condition is not listed anywhere in 38 C.F.R. § 3.309 or 38 U.S.C. § 1116.

38 C.F.R. § 3.303(c) excludes "congenital or developmental defects" from "applicable legislation," and guides the determination of congenital defects:

(c) *Pre-service disabilities noted in service.*

There are medical principles so universally recognized as to constitute fact (clear and unmistakable proof), and when in accordance with these principles existence of a disability prior to service is established, no additional or confirmatory evidence is necessary. . . . Congenital

or developmental defects . . . are not diseases or injuries within the meaning of applicable legislation.

This appeal focuses on the determination of congenital defects, and the statutory treatment of such determination.

BACKGROUND

In January 2011 Mr. Gonzalez filed a claim for compensation for IHD, drawing on the statutory presumption of service connection in 38 U.S.C. § 1116. The VA obtained a medical examination, and the examiner found that Mr. Gonzalez had a previously undiagnosed Chiari network condition. During a subsequent examination in June 2011, another examiner confirmed that Mr. Gonzalez had a Chiari network condition but found no evidence of IHD.

Accepting this medical evidence, the VA found that Mr. Gonzalez did not have IHD. *Reg'l Off. Rating Dec.* (Dep't of Vet. Aff. July 15, 2011) at 2; SAppx34. The VA regional office denied Mr. Gonzalez's claim, ruling that he did not qualify for the statutory presumption of service connection because a Chiari network condition was not listed in the statute and regulation.

Mr. Gonzalez appealed to the Board, arguing that the Chiari network condition met the medical definition of IHD because the Chiari network contributed to an inadequate supply of blood and oxygen. The Board obtained another medical examination, and the examiner confirmed the Chiari network as located in Mr. Gonzalez's right atrium, consisting of "net-like structures near the opening of the inferior vena cava and coronary sinus." The examiner stated that a "Chiari network is a congenital defect" and "is a congenital structure [that] is not an acquired condition, unlike ischemic heart disease." The examiner explained that the Chiari network "is rarely of clinical significance

and seldom diagnosed," did not develop from exposure to any substance, and did not cause IHD.

The Board in its opinion distinguished a "defect" from a "disease" as these terms are used in 38 C.F.R. § 3.303. The Board explained that a disease could be acquired or result from conditions during service, whereas a defect is present independent of service conditions. The medical opinions reported no evidence to suggest a relation between Mr. Gonzalez's Chiari network condition and his IHD. Although Mr. Gonzalez submitted medical publications that suggested a link between a Chiari network condition and IHD, the Board found that service connection was not shown, and the presumption of service connection was not applicable to this congenital defect, finding that ("service connection for the diagnosed Chiari network condition is not warranted on either a direct or presumptive basis. The Veterans Health Administration examiner provided expert opinion that Chiari network is a congenital defect, and further opined that this defect did not undergo additional disability as a result of superimposed injury in service."

The Board applied 38 C.F.R. § 3.303(c), which excludes "congenital defects" from the presumption of service connection, and relied on the medical opinions that a Chiari network is a "defect," not a "disease." The Board denied Mr. Gonzalez's claim, and he appealed to the Veterans Court. The Veterans Court found that the Board's findings and rulings were not clearly erroneous, and affirmed that Mr. Gonzalez was not eligible for presumptive service connection. This appeal followed.

## DISCUSSION

The Federal Circuit's authority to review decisions of the Veterans Court is governed by 38 U.S.C. § 7292(a). This statute authorizes our review of a decision "on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans Court] in making the decision." In *Forshey v.*

*Principi*, 284 F.3d 1335 (Fed. Cir. 2002) (en banc), this court elaborated on situations in which § 7292(a) confers appellate review authority, as follows:

> (1) issues concerning the validity of statutes or regulations on which the decision of the Court of Appeals for Veterans Claims depended; (2) issues of interpretation if the Court of Appeals for Veterans Claims elaborated the meaning of a statute or regulation and the decision depended on that interpretation; and (3) issues of validity or interpretation raised before the Court of Appeals for Veterans Claims but not decided, if the decision would have been altered by adopting the position that was urged.

*Id.* at 1338 (*superseded on other grounds by* Veterans Benefits Act of 2002 Pub. L. No. 107—330 § 402(a) 116 Stat. 2820, 2832 (2002)). Absent a constitutional issue, this court does not have authority to review decisions that are based on challenges to a factual determination or to a regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

The Board, affirmed by the Veterans Court, applied 38 C.F.R. § 3.303(c) and 38 U.S.C. § 1110 and held that the undisputed congenital nature of the Chiari network condition precludes the presumption of service connection. Mr. Gonzalez argues that as a matter of statutory intent, illustrated by the already far-reaching scope of § 1116, the regulatory gap for the rare Chiari network condition should not exclude this condition from the purpose and scope of §§ 1110 and 1116. He argues that fidelity to the legislative purpose warrants judicial remedy, to include the Chiari network condition as a qualifying ailment for presumptive purposes. Mr. Gonzalez asks this court to take corrective action in the interest of fairness and in consideration of the policy of veterans' preference.

The government states that the statute and regulation are clear, and that neither the VA nor courts have the authority to depart from the legislated rules. The government points out that Congress authorized and contemplated adjustments to § 1110, and in *Terry v. Principi*, 340 F.3d 1378 (Fed. Cir. 2003), this court confirmed the authority of the VA to specify which diseases qualify for the presumption of service connection. The record shows that the list is periodically enlarged. In *Terry*, the court held that the distinction between "disease" and "defect" is appropriate in the context of this legislation, and the court reaffirmed that a defect is not of itself service connected. *Id.* at 1386.

Mr. Gonzalez also refers to the "presumption of soundness" of the veteran on entry into service, as part of the obligation to favor the veteran. He cites the administrative and adjudicatory obligation to favor the veteran in matters of statutory construction and application. It is noted, however, that the presumption of soundness is limited to compensation for an injury or disease contracted or aggravated in the line of duty. *See Terry,* 340 F.3d at 1386 ("[W]hen sections 1110 and 1111 are read together, 'the term defect in section 1111 necessarily means a defect that amounts to or arises from disease or injury.'") (quoting *Winn v. Brown,* 8 Vet. App. 510, 516 (1996)).

Mr. Gonzalez also presents the constitutional argument that the Veterans Court and the Board deprived him of fair and equal treatment, and due process of law. These arguments are focused on the finding that the Chiari network condition is not a "disease," as required by § 1110. This factual finding is not within our review authority. An arguably unfair result does not thereby acquire constitutional dimension. *See Helfer v. West*, 174 F.3d. 1332, 1335 (Fed. Cir. 1999) (finding that the court does not have jurisdiction over factual aspects that are "constitutional in name only").

GONZALEZ v. MCDONOUGH

8

To the extent Mr. Gonzalez challenges the factual question of whether the Chiari network condition is a disease or a defect under 38 C.F.R. § 3.303(c) and 38 U.S.C. § 1110, we lack jurisdiction. On the statutory definition of eligibility for the presumption of service connection, and the undisputed medical facts, there is no basis for departing from the decision of the Veterans Court.

## CONCLUSION

We conclude that the Veterans Court's decision is in accordance with statute, regulation, and precedent. The decision is affirmed.

## AFFIRMED

Each party shall bear its costs.